**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Thomas Jacobs,

Plaintiff,

v.

Joseph T. Ryerson & Son, Inc., and
United Steelworkers of America,

Defendants.

Civil File No. 00-1625 DWF/AJB

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties have made discovery requests and may in the future serve additional discovery requests;

WHEREAS, certain materials may be requested by the parties in the course of discovery that constitute or contain personal, private, confidential or proprietary information, as more fully defined below in Paragraph 1;

WHEREAS, counsel for the parties are willing to enter into a Stipulated Protective Order as a condition to the disclosure of such confidential information and/or the inspection and copying of documents containing confidential information;

WHEREAS, counsel for the parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to safeguard the confidentiality of certain information and documents while allowing the opportunity for reasonable discovery; and

FILED JAN 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

WHEREAS, counsel for the parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of its Order, whenever that may be;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:

1. All information, documents, or materials produced, including, without limitation, pleadings, answers to interrogatories, responses to other discovery requests, deposition transcripts, and documents which have been marked, stamped, or otherwise identified by either party as "Confidential" (hereinafter "Confidential Materials") shall be subject to the following restrictions of this Stipulated Protective Order.

2. Except as otherwise provided, access to any Confidential Materials shall be limited solely to the following persons:

(a) Counsel for the parties and their associates, legal assistants, or other support employees who have a demonstrable need for such disclosure in order to conduct this litigation;

(b) the plaintiff, the defendants, and defendants' officers, agents, or employees who have a need for such disclosure in order to conduct this litigation;

(c) any expert or consultant retained for the conduct of this litigation;

(d) any prospective or actual deponent or trial witness who has seen such Confidential Materials before this lawsuit was commenced as part of his or her normal and legitimate duties or functions or who has a need to see such Confidential Materials in order to testify or to prepare for giving testimony; and

(e) the Court and authorized Court personnel.

Before disclosing Confidential Materials to any person in categories (c) or (d) above, each such person shall state under oath in a written document in the form of Exhibit

A (attached) that he or she is fully familiar with and agrees to comply with the terms of this Stipulated Protective Order and further agrees to submit to the jurisdiction of this Court. Counsel shall maintain a file of the originals of each signed Exhibit A. Upon request, counsel will provide opposing counsel with a copy of any or all such executed documents.

3. Confidential Materials shall not be used for any purpose other than the conduct of this lawsuit and shall not be disclosed in any way to any other person beyond those described in paragraph 2 above, nor shall such Confidential Materials or their contents be publicized in any manner.

4. If a dispute arises as to the designation of materials as Confidential Materials, the parties agree to attempt to resolve the issue in good faith. If the matter is not resolved by the parties themselves, the party challenging the confidential status of materials claimed to be restricted by this Stipulated Protective Order shall bring the dispute before the Court for a determination and the party challenging the designation bears the burden of proving that a document should not be designated as Confidential Materials.

5. Any pleadings filed with the Court which include Confidential Materials or their contents shall bear on their front page a statement "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION AND SHOULD BE FILED UNDER SEAL."

6. A party's designation of materials as Confidential Materials shall not affect the admissibility or use of the material at trial, except as otherwise ordered or stipulated. If either party intends to utilize at trial any materials designated as Confidential Materials by the opposing party, then counsel shall so inform the opposing counsel in accordance with the Local Rules or other order of the Court governing identification of trial exhibits so that

the opposing counsel may take any steps deemed reasonable to preserve the confidentiality of such materials and the contents thereof.

7. This Stipulated Protective Order and the handling of Confidential Materials may be the subject of further orders of the Court and nothing herein shall preclude any party from applying to the Court for a modification of this Stipulated Protective Order or for the reclassification of any materials produced in this litigation.

8. The obligations of this Stipulated Protective Order are continuing and shall not terminate at the conclusion of this litigation. Upon settlement or final determination of this litigation, all Confidential Materials and all available copies, summaries, compilations, abstracts or any other document or material setting forth the contents of any Confidential Materials shall be returned or destroyed.

9. Where privileged, confidential, or proprietary information or documents are disclosed by a non-party pursuant to deposition, a subpoena duces tecum, or otherwise each party shall have twenty days from the date of such production to designate any such information or documents as Confidential Materials.

10. Nothing in this Stipulated Protective Order precludes a party from using any document or item it has designated as Confidential Materials as such party sees fit.

SO STIPULATED:

Dated: January 8, 2001

WALSH LAW FIRM

By [signature]
Christopher R. Walsh (# 199813)
270 Grain Exchange North Bldg.
301 Fourth Avenue South
Minneapolis, MN 55415
(612) 677-8300

Attorney for Plaintiff Thomas Jacobs

Dated: January 8, 2001

DORSEY & WHITNEY LLP

By [signature]
Jean F. Holloway (#214127)
Julie G. Meany (# 256213)
Pillsbury Center South
220 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600

Attorneys for Defendant Joseph T. Ryerson & Son, Inc.

Dated: January 9, 2001

PETERSON, ENGBERG & PETERSON

By [signature]
John G. Engberg (26761)
Mark W. Bay (554X)
700 Title Insurance Building
400 Second Avenue South
Minneapolis, Minnesota 55401
Telephone: (612) 338-6743

Attorneys for Defendant United Steelworkers of America, AFL-CIO-CLC

**ORDER**

Based on the foregoing Stipulation of the parties, IT IS SO ORDERED.

Dated: 1/16/01

BY THE COURT

Arthur J. Boylan
United States Magistrate Judge

EXHIBIT A

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he or she has received a copy of the Protective Order entered in Thomas Jacobs v. Joseph T. Ryerson & Son, Inc., and United Steelworkers of America, Civil File No. 00-1625 (DWF/AJB), has read such Protective Order, agrees to be bound by all of the terms thereof, and further agrees that the U.S. District Court for the District of Minnesota may exercise jurisdiction over him/her to enforce such Protective Order.

Dated: _______________ ___________________________________

Subscribed and sworn before me
this ______ day of ________, 2001.

_________________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.