**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Thomas Jacobs,

Plaintiff,

v.

Joseph T. Ryerson & Son, Inc., and United Steelworkers of America, AFL-CIO-CLC,

Defendants.

Civil No. 00-1625 (DWF/AJB)

**ORDER AND MEMORANDUM**

---

Christopher Walsh, Esq., Walsh Law Office, 301 Fourth Avenue South, Suite 270, Minneapolis, MN 55415, counsel for Plaintiff.

Mark Bay, Esq., Peterson, Engberg & Peterson, 700 Title Insurance Building, 400 Second Avenue South, Minneapolis, MN 55401, counsel for Defendant United Steelworkers of America, AFL-CIO-CLC.

---

The above-entitled matter is before the undersigned United States District Judge of Plaintiff's request for an extension of page limits to respond to Defendant United Steelworkers of America's Motion for Summary Judgment. Based upon the written request of the Plaintiff and the record before the Court, the Court hereby makes the following:

**ORDER**

1. Plaintiff's request for an extension of page limits to respond to Defendant's motion for summary judgment is **DENIED**.

Dated: October 23, 2001

DONOVAN W. FRANK
Judge of United States District Court

OCT 2 3 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## MEMORANDUM

Based upon the date on which the Defendant's motion for summary judgment was filed with the Court, Plaintiff's response was originally due sometime towards the send of September. Defendant agreed to extend Plaintiff's time for response to October 23, 2001 (today). Plaintiff called the Court several weeks ago, indicated that he was having difficulty limiting himself to 35 pages of response, and requested permission to incorporate by reference a portion of a brief filed in another case. The Court declined that request. Clearly, the Plaintiff has known for several weeks that he faced a personal challenge in adhering to the page limitations in briefing his response to Defendant's motion.

However, the Court did not receive a request for an extension of page limits until October 22, 2001–seven weeks after Defendant served its motion and memorandum and the day before the Plaintiff's response is due. In his request for an extension, Plaintiff says only that the case is "complex" and that he is required to detail a seven-year employment history. However, the vast majority of employment discrimination cases involve complex factual back-drops which extend over a number of years, and in the majority of those employment discrimination cases–even class action employment discrimination cases–the parties successfully limit themselves to the 35-page limits imposed by the local rules. The Plaintiff fails to explain how this case differs from the ordinary employment case. Moreover, Plaintiff fails to explain how this case became so extraordinary within the few days before the brief was due.

Based upon the record before the Court, there is no basis to justify an extension of pages limits for Plaintiff's responsive brief.

D.W.F.